**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.**

ROBERT ORLOFF and )
JOLIE ORLOFF, )
)
Plaintiffs, )
)
v. )
)
TUCKER & TIGHE, P.A., )
)
Defendant. )
_______________________________ )

**COMPLAINT**

Plaintiffs, ROBERT ORLOFF and JOLIE ORLOFF, file their complaint against Defendant, TUCKER & TIGHE, P.A., and state as follows:

**JURISDICTION & VENUE**

1. This is an action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et. seq.

2. Jurisdiction in this case is based upon 15 U.S.C. § 1692k which grants the United States District Courts jurisdiction to hear this action without regard to the amount in controversy.

3. Venue in the United States District Court for the Southern District of Florida is proper under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim occurred in Broward County, Florida.

**PARTIES**

4. The Plaintiffs, Robert Orloff and Jolie Orloff, (hereinafter the "Orloffs") own a property located at 22610 Vistawood Way, 26A, Boca Raton, FL 33428.

5. The Orloffs' property was used primarily for personal, family, or household purposes, to wit, it is their primary residence.

6. The Orloffs receive a Florida homestead tax exemption because the property is their primary residence.

7. The Orloffs were required to pay assessments to Loggers' Run, Inc. ("Loggers' Run) as an incident of ownership of their property.

8. The Orloffs are consumers as defined in 15 U.S.C. § 1692a(3).

9. The Defendant, Tucker & Tighe, P.A., is a law firm with a principal place of business of 800 East Broward Blvd., Suite 710, Fort Lauderdale, FL 33301.

10. Tucker & Tighe is actively involved in business in Broward County, Florida.

11. Tucker & Tighe was retained by Loggers' Run to collect past due assessments allegedly owed to it by Orloffs.

12. Tucker & Tighe regularly represents associations in the collection of past due assessments.

13. Tucker & Tighe regularly uses instrumentalities of interstate commerce including the mail in its collections activities.

14. Tucker & Tighe mailed all demand letters which are the subject of this FDCPA complaint to the Orloffs at 22610 Vistawood Way, 26A, Boca Raton, FL 33428.

15. Tucker & Tighe is a debt collector as defined in 15 U.S.C. § 1692a(6).

**COUNT I – FDCPA VIOLATIONS**

16. Orloffs re-allege and incorporate paragraphs 4 through 15 by reference herein.

17. Tucker & Tighe uses boilerplate documents which contain terms or phrases that are inapplicable to the matter at hand.

18. Tucker & Tighe does not verify or analyze the amounts stated in its clients' ledgers prior to preparing its demand letters or claims of lien.

19. On February 15, 2016, Tucker & Tighe mailed a demand letter, claim of lien, and ledger to the Orloffs.

20. A copy of the February 15, 2016, demand letter, claim of lien, and ledger is attached as **Exhibit A**.

21. The February 15, 2016, demand letter stated "All amounts owed, as per the Claim of Lien, must be paid within 45 days."

22. The Claim of Lien identified the following amounts as being owed to Loggers' Run:

| | |
|---|---|
| Past due quarterly maintenance & penalties (01/15-02/16): | $ 831.34 |
| Attorneys' fees: | $ 685.00 |
| Lien release fee: | $ 75.00 |
| Recording costs {Lien/Release}: | $ 21.20 |
| Postage costs: | $ 14.88 |
| **Total Due:** | **$1,627.42** |

23. The Claim of Lien further stated that "Quarterly assessments ($216.50) are due on the first day of each quarter."

24. The ledger shows that Loggers' Run posted five (5) quarterly assessments from January 2015 through February 2016.

25. A quarterly assessment of $228.71 was posted on January 1, 2015.

26. A quarterly assessment of $228.71 was posted on April 1, 2015.

27. A quarterly assessment of $228.71 was posted on July 1, 2015.

28. A quarterly assessment of $228.71 was posted on October 1, 2015.

29. A quarterly assessment of $216.50 was posted on January 1, 2016.

30. The total of all quarterly assessments from January 2015 through February 2016 is $1,131.34.

31. $1,131.34 minus $831.34 equals $300.00.

32. $300.00 is more than one full quarterly assessment.

33. The Claim of Lien thus seeks to collect an amount already paid, to wit, the January 2015 quarterly assessment.

34. The Claim of Lien also identifies that the $831.34 is for “Past due quarterly maintenance & penalties.”

35. A penalty is a pecuniary sum that by agreement is to be paid by a party who fails to fulfill an obligation to another and that is punitive rather than compensatory.

36. The ledger does not reflect that any penalties were actually imposed by Loggers’ Run.

37. The ledger shows that the $831.34 as stated in the Claim of Lien represents only the past due quarterly maintenance.

38. The Claim of Lien states that it secures “special assessments coming due during the duration of this lien.”

39. Florida law does not permit an association to secure via its claim of lien future special assessments because these assessments are considered distinct claims or contracts which require separate claims of lien to be filed.

40. Loggers Run’ also has not imposed a special assessment and had no intention of imposing a special assessment when Tucker & Tighe prepared this Claim of Lien.

41. The Claim of Lien states that it secures:

> if applicable, continuing regular assessments, special assessments coming due during the duration of this lien, late charges, administrative collection fees, interest, costs and attorney's fees, until paid in full.

42. The ledger shows that Loggers' Run did not charge or post any late fees to Orloffs' account.

43. Loggers' Run has no authority to charge or post a late fee pursuant to its Declaration of Condominium recorded in Official Records Book 2793, Page 1 of the Official Records of Palm Beach County, Florida.

44. Loggers' Run has no authority to charge or post a late fee pursuant to Florida law.

45. The ledger shows that Loggers' Run did not charge or post administrative collection fees to Orloffs' account.

46. The ledger shows that Loggers' Run did not charge or post interest to Orloffs' account.

47. Tucker & Tighe's Claim of Lien thus mentions fees or charges which are wholly inapplicable to the debt at issue or which Loggers' Run could not collect pursuant to Florida law.

48. Tucker & Tighe's creation of intentional uncertainty, whereby its Claim of Lien lists inapplicable fees and charges even when those fees are not incurred, not recoverable, or not sought is inherently misleading because it implies to the least sophisticated consumer that it has, at a minimum, the right to collect

those fees and charges or may intend to collect those fees or charges at some point in the future.

49. Orloffs have been damaged as a result of Tucker & Tighe's violations of the FDCPA.

50. Orloffs seek statutory damages pursuant to 15 U.S.C. § 1692k.

51. Orloffs seek recovery of attorney's fees and costs pursuant to 15 U.S.C. § 1692k.

**FDCPA VIOLATIONS**

52. Tucker & Tighe violated 15 U.S.C. § 1692e(2)(A) by making a false representation as to the character or status of the debt when it stated in its Claim of Lien that the $831.34 represented amounts from January 2015 through February 2016 because, based on the ledger, the Orloffs' had paid their January 2015 quarterly assessment.

53. Tucker & Tighe violated 15 U.S.C. § 1692e(2)(A) by making a false representation as to the character or status of the debt when it stated in its Claim of Lien that the $831.34 included "penalties" because, based on the ledger, there were no penalties charged to Mr. Orloffs' account and thus no penalties are actually included in that amount.

54. Tucker & Tighe violated 15 U.S.C. § 1692e(2)(A) by making a false representation as to the character or status of the debt when it identified various

fees or charges including special assessments, late charges, administrative collection fees, or interest even though it appears, based on the ledger, that Loggers' Run did not intend to collect these fees or charges or, in the case of special assessments and late fees, Loggers' Run had no legal right to collect these amounts.

55. Tucker & Tighe violated 15 U.S.C. § 1692e(2)(A) by making a false representation as to the character or status of the debt by seeking to secure payment via its Claim of Lien of an unknown future special assessment even though Florida law does not permit Tucker & Tighe to secure payment of future special assessments via a previously recorded claim of lien.

56. Tucker & Tighe violated 15 U.S.C. § 1692f when it identified various fees or charges including special assessments, late charges, administrative collection fees, or interest it did not intend to collect or had no right to collect, notwithstanding the conditional language in its Claim of Lien, because the Orloffs should not be required to guess as to whether Loggers' Run intends to collect these penalties or has a right to collect these penalties

WHEREFORE, Plaintiffs, ROBERT ORLOFF and JOLIE ORLOFF, respectfully request that judgment be entered against the Defendant, Tucker & Tighe, P.A., for the following:

A. Actual damages;

B. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A).

C. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3).

D. For such other relief as may be just and proper.

**Dated:** January 17, 2017.

s/ Michael T. Ross
Michael T. Ross, Esq.
FBN 91623
Law Office of Michael T. Ross, P.A.
5555 Hollywood Blvd. #303
Hollywood, Florida 33021
Phone:786-657-6844
Fax:786-353-0783
E-mail: service@flc-law.com
Secondary: eservice@ferrerlawgroup.com

s/ Lourdes E. Ferrer
Lourdes E. Ferrer, Esq.
FBN 528536
Ferrer Law Group, PLLC
2137 N. Commerce Parkway,
Weston FL, 33326
Phone:954-651-6810
Fax:954-651-6809
E-mail: lferrer@ferrerlawgroup.com
Secondary: eservice@ferrerlawgroup.com